JUDGE JONES

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

10 CV 4591

| ONEBEACON INSURANCE COMPANY, | ) | |
|---|---|---|
| | ) | Civil Action No. 10 CV 4591 (BSJ)  ECF CASE |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | (Jury Trial Demanded) |
| | ) | |
| COMPUTER SCIENCES CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |

RECEIVED JUN 11 2010 U.S.D.C. S.D.N.Y. CASHIERS

**ONEBEACON'S COMPLAINT AGAINST CSC**

NOW COMES the Plaintiff, OneBeacon Insurance Company ("OneBeacon"), by and through its attorneys, and for its Complaint against Defendant, Computer Sciences Corporation ("CSC"), states as follows:

**I.   NATURE OF ACTION**

1. This Complaint seeks to enforce OneBeacon's contractual rights under a Master Software License and Services Agreement ("MSLSA") entered into between OneBeacon and CSC. Count I seeks recovery from CSC for defense expenses incurred by OneBeacon in two class actions venued in the Circuit Court of Miller County, Arkansas captioned <u>Georgia Hensley, et al., v. Computer Sciences Corporation, et al.</u>, No. 2005-59-3 ("<u>Hensley</u>"), and <u>Chad Hunter, et. al. v. Computer Sciences Corporation, et. al.</u>, No. 2007-71-3 ("<u>Hunter</u>") (collectively "Hensley Litigation"). Count II seeks indemnification against CSC for amounts OneBeacon paid to settle the Hensley Litigation. Count III seeks the recovery of OneBeacon's reasonable attorneys' fees and costs incurred in connection with the prosecution of this litigation pursuant to the terms of the MSLSA.

## II. PARTIES

2. Plaintiff OneBeacon provides property and casualty insurance to its customers, including personal, automobile and homeowners coverage and is licensed to do business in many states, including New York. OneBeacon's principal place of business is located at One Beacon Lane, Canton, Massachusetts 02021.

3. Defendant CSC is incorporated under the laws of the State of Nevada, has its principal place of business in Virginia and conducts business in the State of New York.

## III. JURISDICTION & VENUE

4. The Court has subject matter jurisdiction over this cause of action pursuant to 28 U.S.C. § 1332.

5. Venue is proper in this district pursuant to 28 U.S.C. § 1391.

6. The amount in controversy between the parties exceeds Seventy-Five Thousand Dollars ($75,000.00) exclusive of interest, attorneys' fees and costs.

## IV. RELEVANT ALLEGATIONS FROM HENSLEY LITIGATION

7. On February 16, 2005, fifteen named plaintiffs ("Hensley Plaintiffs") filed an amended putative nation-wide class action against 584 defendants, including OneBeacon and CSC, in Miller County, Arkansas. On February 22, 2007, one of the Hensley Plaintiffs, Chad Hunter, filed a putative nation-wide class action against OneBeacon and eighteen (18) affiliated OneBeacon and White Mountains Companies in Miller County, Arkansas. The Hunter complaint contains claims that are virtually identical to those brought in the Hensley complaint, and was filed merely as a means to facilitate the settlement of his claims against OneBeacon brought in Hensley. *See Hensley and Hunter Complaints, attached as Exhibit A & B respectively.* The Hensley Plaintiffs (including Hunter), who allegedly had uninsured ("UM")

2

and underinsured ("UIM") motorist coverage, complain that certain Insurer-Defendants, including OneBeacon, improperly undervalued their insureds' UM/UIM claims through the use of computer software programs known as "Colossus", "Claims Outcome Advisor", and "InjuryIQ" ("Claims Evaluation Software").

8.  Colossus is a claims evaluation software program that was sold or licensed by CSC to certain Insurer-Defendants, including One Beacon.

9.  The Hensley Plaintiffs and Hunter allege that "Colossus was purposely designed to force many types of injuries to be evaluated similarly. As a result, Colossus only recognizes six hundred (600) injury codes. In contrast, there are over twelve thousand (12,000) ICD-9 codes, which are used by doctors and hospitals in the United States to classify or categorize injuries." *See Hensley Complaint at ¶ 153; Hunter Complaint at ¶24.*

10.  The Hensley Plaintiffs and Hunter also allege that "prior to selling/licensing Colossus in the United States, CSC was aware that the evaluation ranges generated by Colossus were not accurate. These inaccuracies, it is asserted, are due, at least in part, to the limited number of injury codes that Colossus recognizes. According to the Hensley Plaintiffs and Hunter, it was possible to correct, reduce, or eliminate these inaccuracies but CSC decided not to do so." *See Hensley Complaint at ¶ 155; Hunter Complaint at ¶ 26..*

11.  The Hensley Plaintiffs and Hunter further allege that "CSC . . . and the Insurer-Defendants conspired to use Colossus . . . to reduce the amount paid on bodily injury claims" and "to keep secret the exact manner in which Colossus . . . generate claims evaluations . . .", and that "[Colossus is] riddled with errors. *See Hensley Complaint at ¶¶ 163, 166; Hunter Complaint at ¶¶ 30, 33..*

12.     The Hensley Plaintiffs allege that "CSC . . . actively and aggressively act to prevent accurate information regarding the use of Colossus . . . by the Insurer-Defendants to reduce claim payments from being disclosed to the public, including the Plaintiff and the Class. CSC . . . also actively and aggressively act to prevent information regarding the inherent errors and flaws in the Colossus . . . program and design from being disclosed to the public, including the Plaintiff and the Class." *See Hensley Complaint at ¶ 170.* Similarly, Hunter alleges that "CSC . . . conspired to withhold from Plaintiff, the class, and the public information about the nature of Colossus." *See Hunter Complaint at ¶ 55.*

## V. THE AGREEMENT BETWEEN CSC AND ONEBEACON

13.     On June 29, 2001, CSC and CGU Insurance Company entered into a Master Software License and Services Agreement ("Agreement"). The Agreement called for CSC to license certain software products, including Colossus, to CGU Insurance Company. *A copy of the Agreement is attached as Exhibit C.*

14.     Section 9 of the Agreement, entitled **Indemnity**, sets forth the indemnity obligations of CSC and OneBeacon with respect to the use of software products licensed by CGU Insurance Company from CSC.

15.     Section 9.1 of the Agreement's Indemnity provision provides:

"Licensor shall, at its expense, defend, or at its option settle, any claim, action or proceeding (hereinafter "claim") brought against CGU (including its directors and officers), based upon the Software Product furnished hereunder by Licensor and/or the use thereof by CGU in accordance with this Agreement, including, but not limited, actual or alleged infringement of any patent, copyright, trade secret or other third-party proprietary right. Licensor shall indemnify and hold CGU (including its directors and officers) harmless from and against any loss, damage or expense (including court costs and reasonable attorneys fees'), or a settlement agreed to by Licensor, arising out, related to, or resulting from any such Claim brought against CGU, based upon the Software Product furnished hereunder by Licensor and/or the use thereof by CGU in accordance with this Agreement, including, but not limited, actual or alleged infringement of any patent, copyright, trade secret or other third-party proprietary right. Licensor shall have

4

no liability under this Section 9 unless CGU (a) promptly notifies Licensor in writing of a claim hereunder, (b) grants Licensor authority, reasonably requested information and assistance, to defend such claim, at Licensor's expense, and (c) grant Licensor control of the defense of such Claim and all negotiations for the compromise of settlement thereof."

16.     On July 3, 2003, the Agreement for the use of Colossus between CGU and CSC was extended until December 31, 2005. *See July 3, 2003 Amendment, attached as Exhibit D.*

17.     On July 11, 2003, the Agreement was amended to reflect that all references in the Agreement or in any exhibit, schedule, appendix, or any other attachment to the Agreement or in any amendment to the Agreement, to "CGU Insurance Company" or "CGU" shall be changed to "OneBeacon Insurance Company" or "OneBeacon," as appropriate, and all references to "Customer" shall mean "OneBeacon Insurance Company." *See July 11, 2003 Amendment, attached as Exhibit E.*

18.     On May 20, 2005, OneBeacon tendered the defense of the Hensley Litigation to CSC, and further demanded that CSC indemnify OneBeacon for any losses related to its use of Colossus as alleged in the Hensley Litigation pursuant to CSC's obligations under the Agreement. *See May 20, 2005 letter attached as Exhibit F.*

19.     On June 8, 2005, CSC refused to honor its obligations under the Agreement and denied OneBeacon's request for defense and indemnity relating to the Hensley Litigation. *See June 8, 2005 letter attached as Exhibit G.*

20.     On August 5, 2005, the parties met in Boston, Massachusetts to further discuss CSC's defense and indemnity obligations pursuant to the Agreement. At the August 5, 2005 meeting, OneBeacon reiterated its request that CSC honor its defense and indemnity obligations in relation to the Hensley Litigation. Following the August 5, 2005 meeting, CSC again orally denied OneBeacon's request for defense and indemnity.

21. On November 15, 2006, OneBeacon's counsel advised CSC that OneBeacon was engaged in settlement negotiations with Plaintiffs in the Hensley Litigation. *See November 15, 2006 email attached as Exhibit H.*

22. On November 27, 2006, OneBeacon provided CSC with an update of the settlement negotiations with Plaintiffs and forwarded to CSC a draft Memorandum of Understanding ("MOU") that contained potential settlement terms. *See November 27, 2006 email attached as Exhibit I.*

23. On November 27, 2006, CSC sent OneBeacon a letter detailing items in the draft MOU that CSC felt were "deficient." CSC also reiterated its position that it "has no obligation to indemnify OneBeacon, [and] therefore the deficiencies are largely academic." *See November 27, 2006 CSC letter attached as Exhibit J.*

24. On November 28, 2006, OneBeacon's counsel sent CSC a revised draft "MOU", that addressed some of CSC's concerns that were expressed in its November 27, 2006 letter. *See November 28, 2006 email attached as Exhibit K.*

25. On February 19, 2007 a Memorandum of Understanding of settlement was executed by OneBeacon and Hunter related to his claims in the Hensley Litigation. *See Exhibit L.*

26. On March 12, 2007, the Court entered an order preliminarily approving the settlement. *See Exhibit M.*

27. On June 18, 2007, the Court entered an order giving Final Approval of the Class Settlement. Additionally, the Court awarded Class Counsel $1,078,872 in attorneys' fees, costs and expenses, and approved a $5,000 incentive award payment to Class Representative, Chad Hunter. *See Exhibit N.*

28.     On March 5, 2009, certain of the Hensley Plaintiffs and CSC executed a Class Settlement Agreement and Release, resolving certain named Hensley Plaintiffs' Claims Evaluation Software class action claims against CSC. *See Exhibit O.* Pursuant to the settlement agreement, CSC agreed to an incentive award payment of up to $5,000 to each of the named plaintiffs. CSC also agreed to pay Class Counsel $28,000,000 in attorneys' fees, costs and expenses. Upon information and belief, the Court approved the settlement on or around April 30, 2009.

29.     As a result of CSC's wrongful denial of its defense and indemnity obligations under the Agreement to date, OneBeacon has incurred a loss, which is properly subject to indemnification by CSC.

## COUNT I – BREACH OF DEFENSE OBLIGATION

30.     One Beacon incorporates by reference paragraphs 1 through 29 as if set forth at length herein.

31.     Pursuant to the Agreement, CSC is obligated to "at its expense, defend, or at its option settle, any claim, action or proceeding . . . brought against [OneBeacon], based upon the [Colossus] Product furnished hereunder by [CSC] and/or the use thereof by [One Beacon] in accordance with this Agreement, including, but not limited, actual or alleged infringement of any patent, copyright, trade secret or other third-party proprietary right." *See Exhibit C at § 9.1.*

32.     The Hensley Litigation is a legal action brought against OneBeacon regarding its use of Colossus software furnished by CSC.

33.     OneBeacon promptly notified CSC in a May 20, 2005 letter of the Hensley Litigation. In the May 20, 2005 letter, and on several occasions thereafter, OneBeacon demanded that CSC provide OneBeacon with a defense in the Hensley Litigation.

34. CSC has refused to honor its indemnity obligations under the Agreement and has denied OneBeacon's tender of the defense of the Hensley Litigation.

35. Because CSC has refused to comply with its defense obligation under the Agreement, OneBeacon was forced to retain defense counsel and has spent $584,458.73 in defense of the Hensley Litigation.

36. WHEREFORE, Plaintiff OneBeacon, demands judgment:

A. Finding and declaring that CSC is obligated to pay the defense costs of OneBeacon in the Hensley Litigation.

B. Awarding OneBeacon its fees and costs incurred in maintaining and defending the Hensley Litigation.

C. Entering such other orders and further relief that this Court finds just and proper.

## COUNT II – BREACH OF INDEMNITY OBLIGATION

37. OneBeacon incorporates by reference paragraphs 1 through 34 as if set forth at length herein.

38. Pursuant to the Agreement entered into between OneBeacon and CSC, CSC is obligated to "indemnify and hold [OneBeacon] harmless from and against any loss, damage or expense (including court costs and reasonable attorneys fees'), or a settlement agreed to by [CSC], arising out, related to, or resulting from any such Claim brought against [OneBeacon], based upon the [Colossus] Product furnished hereunder by [CSC] and/or the use thereof by [OneBeacon] in accordance with this Agreement, including, but not limited, actual or alleged infringement of any patent, copyright, trade secret or other third-party proprietary right." *See Exhibit C at § 9.1.*

39. The Hensley Litigation is a legal action brought against OneBeacon regarding its use of Colossus software furnished by CSC.

40. OneBeacon promptly notified CSC in a May 20, 2005 letter of the Hensley Litigation. In the May 20, 2005 letter, and on several occasions thereafter, OneBeacon demanded that CSC agree to honor its indemnity obligation related to the Hensley Litigation.

41. CSC has refused to honor its obligations under the Agreement and has denied any obligation on its part to provide OneBeacon with indemnity related to the Hensley Litigation while at the same time commenting upon and attempting to influence the terms of settlement between plaintiffs and OneBeacon.

42. OneBeacon has paid $1,199,238.93 in indemnity consisting of class damages, class attorneys' fees and claims administration expenses.

WHEREFORE, Plaintiff OneBeacon, demands judgment:

A. Finding and declaring that CSC is obligated to indemnify OneBeacon with respect to its settlement of the Hensley Litigation.

B. Awarding OneBeacon its fees and costs incurred in maintaining and defending the Hensley Litigation.

C. Entering such other orders and further relief that this Court finds just and proper.

## COUNT III – ATTORNEYS' FEES AND COSTS

43. OneBeacon incorporates by reference paragraphs 1 through 41 as if set forth at length herein.

44. Section 24 of the Agreement, entitled "Governing Law and Jurisdiction," provides that the Agreement shall be "governed by and construed and enforced in accordance with the laws of the State of New York" and that the "venue for any dispute . . . arising out of this Agreement shall be the State of New York and the Federal and State courts therein shall have jurisdiction over the subject matter and parties." Section 24 also provides that the "prevailing party shall be entitled to recover its reasonable attorneys' fees and costs incurred in

connection with any action or proceeding between [OneBeacon] and [CSC] arising out of or relating to this Agreement". *See Exhibit C.*

45. This Complaint is an action brought by OneBeacon relating to the Agreement.

46. OneBeacon has incurred, and will continue to incur significant attorneys' fees and costs related to its prosecution of this litigation.

47. Should OneBeacon prevail in this litigation, it is entitled to recover reasonable attorneys' fees and costs.

WHEREFORE, should it prevail in this litigation, Plaintiff OneBeacon, demands judgment awarding reasonable attorneys' fees and costs to OneBeacon and for other such relief this Court deems just and proper.

Respectfully submitted,

Cozen O'Connor

By: _____
Melissa Brill (MB 4374)
Cozen O'Connor
45 Broadway Atrium, Suite 1600
New York, NY 10006
*Counsel for One Beacon Insurance Company*

and

William P. Shelley (WS 3024)
Cozen O'Connor
1900 Market Street
Philadelphia, PA 19103
*Counsel for One Beacon Insurance Company*

Date: June ____, 2010